IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS E. KING, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO. 8:24-CV-9 <br><br><br> **MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS** |

Pro se Plaintiff Nicholas King sued a United States Postal Service (USPS) employee in the Small Claims Court in Kimball County, Nebraska, alleging interference with his mail. Filing 1-1. The United States substituted as defendant, Filing 3, and removed the case to this Court. This matter is presently before the Court on the United States's Motion to Dismiss for lack of subject matter jurisdiction. Filing 8. The United States argues that the Court lacks jurisdiction over King's claim because King failed to exhaust his administrative remedies. King has not responded to the United States's Motion. For the reasons discussed below, the United States's Motion to Dismiss, Filing 8, is granted.

1

## I. DISCUSSION

### A. Rule 12(b)(1) Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Eighth Circuit Court of Appeals has explained that on a Rule 12(b)(1) motion,

> The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and we may look at materials "outside the pleadings" in conducting our review. [*Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)] (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Because of the "unique nature of the jurisdictional question," *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted), it is the court's duty to "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue," *id.* at 730. As such, if the court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards. *Id.* at 729. Rather, the court may receive evidence via "any rational mode of inquiry," and the parties may "request an evidentiary hearing." *Id.* at 730 (quoting *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)). Ultimately, the court must rule upon "the jurisdictional issue [unless it] is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id.* (quoting *Crawford*, 796 F.2d at 928).

*Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019); *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) ("[A] motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) raises a factual challenge to the court's jurisdiction, and courts may look to evidence outside the pleadings and make factual findings." (citing *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018)).

The *Buckler* decision suggests that a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) is always "factual," but "facial" challenges are also possible:

> In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.1990). In a factual attack, the "non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* If the

2

> jurisdictional issue is "bound up" with the merits of the case, the district court may "decide whether to evaluate the evidence under the summary judgment standard." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir.2018). This court is bound by the district court's characterization of the Rule 12(b)(1) motion. *Carlsen v. GameStop, Inc*., 833 F.3d 903, 908 (8th Cir.2016) ("The method in which the district court resolves a Rule 12(b)(1) motion—that is, whether the district court treats the motion as a facial attack or a factual attack—obliges us to follow the same approach.").

*Croyle by & through Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018).

In this case, the United States designates its challenge to subject matter jurisdiction as "factual." Filing 10 at 3. Under these circumstances, King is not entitled to Rule 12(b)(6) "safeguards," *Croyle*, 908 F.3d at 380, and although the Court's "inquiry extends beyond the pleadings," "it is not necessary to apply Rule 56 summary judgment standards." *Osborn*, 918 F.2d at 729–30.

### B. Federal Tort Claim Act Standards

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The FTCA serves as a limited waiver of sovereign immunity, opening the door to state-law liability claims against the federal government for harm caused by government employees." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). The FTCA "permits persons injured by federal employees to sue the United States for tort claims in federal district court." *Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020). "Before bringing an FTCA claim in federal court, a party must administratively exhaust their remedies under the FTCA." *Id.* (citing 28 U.S.C. § 2675(a)). 28 U.S.C. § 2675(a) requires plaintiffs suing under the FTCA to "first present[ ] the claim to the appropriate Federal agency."

3

After presentation, the claim must be "finally denied by the agency in writing" or the agency must fail "to make final disposition of [the] claim within six months after it is filed" before the plaintiff may bring suit. 28 U.S.C. § 2675(a). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (citations omitted).

### C. Dismissal Is Appropriate Because King Failed to Exhaust Administrative Remedies

Here, because King alleges a "state-law liability claim[ ] against the federal government for harm caused by government employees," *Buckler*, 919 F.3d at 1044, King's claim must be litigated under the FTCA. The FTCA requires plaintiffs to have "administratively exhaust[ed] their remedies under the FTCA." *Rollo-Carlson*, 971 F.3d at 770. Accordingly, King was required to "first present[ ] the claim to the appropriate Federal agency," here, USPS. 28 U.S.C. § 2675(a). This presentment requirement is "jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt*, 994 F.2d at 427. King does not "plead[ ]" in his Complaint that he ever presented an administrative claim to USPS; rather, King alleges that he lodged several "complaint[s] through USPS customer service." Filing 1-1 at 5. Nor does King allege that USPS ever issued a "deni[al] . . . in writing" or failed to "make final disposition of [the] claim within six months after it is filed." To the contrary, King alleges that the purported interference with his mail occurred in November 2023, and King filed suit in December 2023. Filing 1-1 at 1, 5–6. King also failed to "prove[ ]" that he presented an administrative claim. While King never responded to the Motion to Dismiss, the United States provided an affidavit from a Manager of the Tort Program and Adjudication with the United States Postal Service National Tort Center, Kimberly Herbst. Filing 9-1. Ms. Herbst declared that she searched the applicable databases for administrative claims

4

filed by plaintiff King and discovered that no such claims had been filed. Filing 9-1 at 2. Because the FTCA's presentment requirement is "jurisdictional," *Bellecourt*, 994 F.2d at 427, King's failure to meet this requirement deprives the Court of subject matter jurisdiction over his claim.

## II.  CONCLUSION

Because King failed to exhaust his administrative remedies before filing suit, the Court does not have subject matter jurisdiction over his claim under the FTCA. Accordingly,

IT IS ORDERED that the United States's Motion to Dismiss, Filing 8, is granted.

Dated this 12th day of April, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge